IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA                                                              PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:17-cv-00224-DPJ-FKB

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY, AS SUBROGEE
OF WESSON LTD., D/B/A
MOSS VILLAGE APARTMENTS;
LASHAWANA COSEY; SAMUEL COLEMAN;
ANGELA HARVEY; SHAQUITTA MCGEE;
SHANNON VAUGHN; SHEILA WATSON; JOHN DOES 1-3;
AND JOHN DOE ENTITIES 1-3                                                    DEFENDANTS

### AMENDED COMPLAINT FOR INTERPLEADER[1]

COMES NOW Plaintiff, American Bankers Insurance Company of Florida ("ABIC"), by and through its undersigned counsel, pursuant to 28 U.S.C. §1335 and Rule 22 of the Federal Rules of Civil Procedure, and files this its Amended Complaint for Interpleader, and would show unto this Honorable Court as follows:

1.  Plaintiff, ABIC, is a foreign insurance company incorporated under the laws of the state of Florida, with its principal place of business in a State other than the State of Mississippi. ABIC is authorized to do business in the State of Mississippi.

2.  Defendant, Nationwide Property and Casualty Insurance Company, as Subrogee of Wesson Ltd. d/b/a Moss Village Apartments ("Nationwide"), is a foreign insurance company incorporated under the laws of State of Ohio having its principal

---

[1] In its Amended Complaint, Plaintiff American Bankers Insurance Company of Florida is withdrawing its request that it be awarded reasonable costs, attorneys' fees and other expenses from the funds to be deposited with the Court.

place of business in a State other than the State of Mississippi and can be served with process through its registered agent, United States Corporation Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

3. Defendant LaShawna Killingsworth-Cosey ("Cosey"), who was a tenant in Unit B-7 of the Moss Village Apartment complex, is an adult resident citizen of the State of Mississippi, and may be served with process at 1020 Hill Street, Wesson, Mississippi 39191, or where she may otherwise be found.

4. Defendant Samuel Coleman ("Coleman"), who was a tenant in Unit B-6 of the Moss Village Apartment complex, is an adult resident citizen of the State of Mississippi, and may be served with process at 922 Union Street, Brookhaven, Mississippi 39601, or where she may otherwise be found.

5. Defendant Angela Harvey ("Harvey"), who was a tenant in Unit B-8 of the Moss Village Apartment complex, is an adult resident citizen of the State of Mississippi, and may be served with process at 1002 East Avenue, Wesson, Mississippi 39191, or where she may otherwise be found.

6. Defendant Shaquitta McGee ("McGee"), who was a tenant in Unit B-3 of the Moss Village Apartment complex, is an adult resident citizen of the State of Mississippi, and may be served with process at 107 Millsaps Street, Hazlehurst, Mississippi 39083, or where she may otherwise be found.

7. Defendant Shannon Vaughn ("Vaughn"), who was a tenant in Unit B-1 of the Moss Village Apartment complex, is an adult resident citizen of the State of

Mississippi, and may be served with process at Moss Village Apartments, 2133 US-51 Wesson, Mississippi 39191, or where she may otherwise be found.

8. Defendant, Shelia Watson ("Watson"), who was a tenant in Unit B-5 of the Moss Village Apartment complex, is an adult resident citizen of the State of Mississippi and may be served with process at Moss Village Apartments, 2133 US-51, Apartment C-1, Wesson, Mississippi 39191, or where she may otherwise be found.

9. The Defendants, John Does 1-3 and John Doe Entities 1-3, are persons and/or entities, whose names and identities are presently unknown to Plaintiff but may have an interest in the subject matter of this action.

10. The Court has subject matter over this Interpleader, pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. §1332, in that claimants and the stakeholder are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

11. The Court also has subject matter jurisdiction over this Interpleader, pursuant to 28 U.S.C. §1335, in that two or more adverse claimants are of diverse citizenship and that amount of the subject insurance policy exceeds $500.

12. Venue is proper under 28 U.S.C. §§1391 and 1397 in that this action is being filed in the judicial district in which one or more Defendants reside and in which the events giving rise to the claims occurred.

13. ABIC issued a Renters Insurance Policy ("the Policy") with a limit of Bodily Injury and/or Property Damage of $100,000 to Jasmine S. James ("James"),

bearing policy number RIN461472300 with a coverage period of June 22, 2016 to June 22, 2017. James occupied Unit B-4 of the Moss Village Apartment complex located at 2133 Highway 51, Wesson, Mississippi 39191. See attached Exhibit "A".

14. On June 26, 2016, a fire occurred in and damaging the apartment of James, along with the apartments of six (6) other tenants of the Moss Village Apartment complex located at 2133 Highway 51, Wesson, Mississippi 39191.[2]

15. On July 22, 2016, ABIC received correspondence from the attorney representing Nationwide regarding a claim demand.

16. On or about January 12, 2017, ABIC sent letters to Moss Village Apartment complex tenants Cosey, Coleman, Harvey, McGee, Vaughn, and Watson requesting these tenants provide ABIC with an inventory of damaged/destroyed personal property, if any.

17. On January 17, 2017, ABIC received correspondence from the attorney for Nationwide, advising that if a meaningful response was not received to their demand, litigation would proceed against James. *See*, correspondence attached as Exhibit "B". ABIC advised Nationwide's attorney that this is a single limit liability policy and that there are six (6) other tenants, other than the insured, who were occupying the Moss Village Apartment complex at the time of loss. The Nationwide's attorney was advised that ABIC had been in communication with these tenants and that four (4) of these tenants had indicated that they sustained property and/or bodily

---

[2] The Moss Village Apartment complex consisted of eight (8) apartment units, seven (7) of which were occupied at the time of the loss. Unit B-2 was vacant.

injury damages and that until all the tenants had provided their sustained damages that the claim could not be finalized for processing.

    18.    On or about January 24, 2017, Defendant McGee submitted a claim to ABIC under the Policy for damages in the amount of $7,000. See attached Exhibit "C".

    19.    On or about January 27, 2017, Defendant Watson submitted a claim to ABIC under the Policy for damages in the amount of $2,390. See attached Exhibit "D".

    20.    On or about January 27, 2017, Defendant Harvey submitted a claim to ABIC under the Policy for damages in the amount of $2,397. See attached Exhibit "E".

    21.    On or about February 2, 2017, Defendant Cosey submitted a claim to ABIC under the Policy for damages in the amount of $1,542.43. See attached Exhibit "F".

    22.    On January 30, 2017, Nationwide commenced a lawsuit in this Court bearing civil action number 3:17-cv-00065-DPJ-FKB against James seeking an amount in excess of $365,425.00, together with interest, costs, reasonable attorney's fees, and such other relief as the Court deems just and appropriate. See attached Exhibit "G".

    23.    ABIC cannot pay the proceeds of this Policy without incurring the risk of additional liability. Thus, ABIC seeks to interplead the Policy limits of $100,000 into the Registry of the Court.

24. ABIC is uncertain as to who is the proper recipient of the insurance proceeds provided under the Policy issued by ABIC. Therefore, ABIC is justifiably uncertain whether paying the claim proceeds to Defendants would prevent it from being subjected to multiple and vexatious litigation at some point in the future.

25. ABIC is unable to ascertain without a hazard to itself who is legally entitled to the insurance proceeds of the Policy. ABIC cannot pay the same without assuming the responsibility of determining doubtful questions of law and fact.

26. ABIC claims no beneficial interest in the subject insurance proceeds of the Policy, but is a mere stakeholder, and does not in any respect collude with anyone touching upon the matters in this action.

27. ABIC is now ready, willing, and able to pay the person or persons legally entitled to receive the insurance proceeds due of the Policy, and is prepared to deposit into the Registry of this Court a check in the amount of One Hundred Thousand and no/100 Dollars ($100,000) representing the extent of its liability under the Policy upon order from this Court.

WHEREFORE, PREMISES CONSIDERED, American Bankers Insurance Company of Florida prays as follows:

A. That the insurance proceeds of the Policy be accepted into the Registry of this Court to be held in an interest-bearing account for future disbursement to the person or persons adjudged by the Court to be entitled thereto.

B. That the Court adjudicate that the amounts deposited into the Registry of the Court is the extent of ABIC's liability to anyone under the insurance Policy, arising from the fire at the Moss Village Apartment complex on June 26, 2016.

C. That process be issued to and served on the Defendants and that they be required to assert their respective claims to the subject insurance proceeds of the Policy to be paid into the Registry of the Court.

D. That the Court issue an Order of Injunction, pursuant to 28 U.S.C. §2361, enjoining and restraining Nationwide, Cosey, Coleman, Harvey, McGee, Vaughn, Watson, John Does 1-3 and John Doe Entities 1-3, their agents, attorneys, attorneys-in-fact, power-of-attorneys, successors, personal representatives, heirs, devisees, legatees, and assigns from asserting, instituting or prosecuting any and all demands, claims, actions or causes of action against ABIC in regard to, pertaining to, or in any manner relating to or arising out of the fire loss that occurred at the Moss Village Apartment complex on June 26, 2016, and that in due course said Order of Injunction be made permanent.

E. That ABIC be finally dismissed from this action with prejudice and fully discharged from any further liability which in any manner may arise under the subject insurance Policy, and that this Court shall retain jurisdiction over this matter to adjudicate to whom the Clerk of this Court shall disburse the subject funds deposited into the Registry of this Court.

F. ABIC prays for such other and further relief as the Court deems equitable and just.

This the 7th day of April, 2017.

                                        Respectfully submitted,

                                        **AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA**

                                        By: *s/ Randy L. Dean*
                                            Walter D. Willson (MSB # 7291)
                                            Randy L. Dean (MSB # 6011)

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Post Office Box 131
Jackson, Mississippi  39205-0131
Telephone:   (601) 605-6900
Facsimile:   (601) 605-6901
E-mail:       wwillson@wellsmar.com
               rdean@wellsmar.com